IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRAVIS JAMAAL EDWARDS,

Plaintiff,

v.  Civil Action No. **3:10CV240**

B. BATTS,

Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate proceeding *pro se*, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

In his complaint, Plaintiff explains that he "was placed in Housing Unit 10 Segregation Unit" while he was under investigation. (Compl. 4.) Plaintiff states that he "filed an informal complaint to the Investigation Department stating that [he] hadn't been notified as to the reason behind [his] investigation status." (Compl. 4.) Plaintiff received a response indicating that the Defendant "was handling [Plaintiff's] case and would be interviewing [him]." (Compl. 4.) Although Plaintiff was eventually interviewed and released from segregation, Plaintiff complains that the Defendant did not follow the internal procedures provided for investigations. Specifically, Plaintiff states that Defendant violated a policy requiring a ten-day period during which a prisoner must be informed of the status of his investigation.

Plaintiff alleges that he was harmed by the prison failing to follow its investigation procedure because (1) Plaintiff was scheduled to register at Southside College of Virginia but was unable to do so because he was in segregation; (2) Plaintiff "experienced mental anguish not being able to notify my family member about the situation"; (3) Plaintiff's family members traveled "over one-hundred and twenty miles round trip" to visit Plaintiff, but could not do so; (4) Plaintiff lost his job as a laundry worker. (Compl. 4.)

Plaintiff also complains that he "was seen by a mental health doctor but wasn't scheduled for a follow-up." (Compl. 4.) Additionally, Plaintiff alleges, "I was diagnosed with the Shingles and still was kept in Housing Unit 10 Segregation instead of being moved to the Housing Unit II Medical Unit. I was eventually treated and released." (Compl. 4.) Plaintiff requests damages in the amount of $100,000. (Compl. 5.)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege facts that indicate a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Here, Plaintiff fails to identify what federal constitutional right was allegedly violated. Plaintiff's complaint appears to be based on the notion that Defendant violated Plaintiff's rights by failing to follow internal prison regulations. Nevertheless, the "state's failure to abide by its own law as to *procedural* protections is not a federal due process issue." *Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (*citing Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990)). Furthermore, Plaintiff has no constitutional right to use the prison grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, Plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(2)(B)(ii). It is RECOMMENDED that the action be DISMISSED.

Although Plaintiff mentions his medical issues, the Court does not construe his complaint to allege denial of adequate medical care. To the extent that Plaintiff wishes to raise these claims, he may do so in an amended complaint.

Plaintiff also complains that he "was seen by a mental health doctor but wasn't scheduled for a follow-up." (Compl. 4.) Additionally, Plaintiff alleges, "I was diagnosed with the Shingles and still was kept in Housing Unit 10 Segregation instead of being moved to the Housing Unit II Medical Unit. I was eventually treated and released." (Compl. 4.) Plaintiff requests damages in the amount of $100,000. (Compl. 5.)

## Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege facts that indicate a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Here, Plaintiff fails to identify what federal constitutional right was allegedly violated. Plaintiff's complaint appears to be based on the notion that Defendant violated Plaintiff's rights by failing to follow internal prison regulations. Nevertheless, the "state's failure to abide by its own law as to *procedural* protections is not a federal due process issue." *Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (*citing Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990)). Furthermore, Plaintiff has no constitutional right to use the prison grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, Plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(2)(B)(ii). It is RECOMMENDED that the action be DISMISSED.

Although Plaintiff mentions his medical issues, the Court does not construe his complaint to allege denial of adequate medical care. To the extent that Plaintiff wishes to raise these claims, he may do so in an amended complaint.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff. And it is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 3-17-11
Richmond, Virginia

5