IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRAVIS JAMAAL EDWARDS,

    Plaintiff,

v.                                     Civil Action No. 3:10CV240–HEH

B. BATTS,

    Defendant.

## MEMORANDUM OPINION
**(Adopting Report and Recommendation and Dismissing Action)**

Plaintiff, a Virginia inmate, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130,

1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

In his complaint, Plaintiff explains that he "was placed in Housing Unit 10 Segregation Unit" while he was under investigation. (Compl. 4.) Plaintiff states that he "filed an informal complaint to the Investigation Department stating that [he] hadn't been notified as to the reason behind [his] investigation status." (Compl. 4.) Plaintiff received a response indicating that the Defendant "was handling [Plaintiff's] case and would be interviewing [him]." (Compl. 4.) Although Plaintiff was eventually interviewed and released from segregation, Plaintiff complains that the Defendant did not follow the internal

2

procedures provided for investigations. Specifically, Plaintiff states that Defendant violated a policy requiring a ten-day period during which a prisoner must be informed of the status of his investigation.

Plaintiff alleges that he was harmed by the prison failing to follow its investigation procedure because (1) Plaintiff was scheduled to register at Southside College of Virginia but was unable to do so because he was in segregation; (2) Plaintiff "experienced mental anguish not being able to notify my family member about the situation"; (3) Plaintiff's family members traveled "over one-hundred and twenty miles round trip" to visit Plaintiff, but could not do so; (4) Plaintiff lost his job as a laundry worker. (Compl. 4.)

Plaintiff also complains that he "was seen by a mental health doctor but wasn't scheduled for a follow-up." (Compl. 4.) Additionally, Plaintiff alleges, "I was diagnosed with the Shingles and still was kept in Housing Unit 10 Segregation instead of being moved to the Housing Unit II Medical Unit. I was eventually treated and released." (Compl. 4.) Plaintiff requests damages in the amount of $100,000. (Compl. 5.)

**Analysis**

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege facts that indicate a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Here, Plaintiff fails to identify what federal constitutional right was allegedly violated. Plaintiff's complaint appears to be based on the notion that Defendant violated Plaintiff's rights by failing to follow internal prison regulations. Nevertheless, the "state's failure to abide by its own law as to *procedural* protections is not a federal due process issue." *Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (*citing Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990)). Furthermore, Plaintiff has no constitutional right to use the prison grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, Plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(2)(B)(ii). It is RECOMMENDED that the action be DISMISSED.

Although Plaintiff mentions his medical issues, the Court does not construe his complaint to allege denial of adequate medical care. To the extent that Plaintiff wishes to raise these claims, he may do so in an amended complaint.

(March 17, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days of the date of entry thereof. More than fourteen (14) days have elapsed, and Plaintiff has not filed objections or an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which Plaintiff does not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

Plaintiff having no objections, the Report and Recommendation will be accepted and adopted, and the action will be dismissed with prejudice for failure to state a claim. The Clerk will be directed to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 20, 2014
Richmond, Virginia